In re CERTAIN CHEVROLET AUTOMOBILE BEARING NEW JERSEY REGISTRATION #IV–42 N.J.

District Court, D. New Jersey.

Nov. 16, 1942.

Charles M. Phillips, of Trenton, N. J., and Vincent E. Hull and Samuel Cohen, both of Newark, N. J., for the Government.

Gerald McLaughlin and Winslow B. Ingham, II, both of Newark, N. J., for petitioner.

844

MEANEY, District Judge.

This matter comes before the Court by way of petition, which sets forth the following facts which are not contested by the Government Attorney:

The petitioner, Aloysius Basile, owned a certain Chevrolet two door sedan; was arrested on May 15, 1942, in the City of Hoboken, with two other men, Dirk van der Horst and Marinus Verseeuw, charged with violation of Section 2155, 26 U.S.C.A. Int.Rev.Code, and Section 88, 18 U.S.C.A.

At the time of the arrest, the government agents seized the petitioner's automobile, which contained certain cigarettes which had been placed on a vessel for exportation free of tax, and which had been relanded without permission. Subsequently, in conformity with 26 U.S.C.A. Int. Rev.Code, § 3724, proceedings were had and a decree of forfeiture was issued, and on July 1, 1942, under provisions of Title 3, Section 303, of the Liquor Law Repeal and Enforcement Act of August 27, 1935, 40 U.S.C.A. § 304h, the vehicle was turned over to the Internal Revenue, instead of being sold at public auction.

During the course of these various steps, the present petitioner, owner of the seized vehicle, filed no claim therefor, nor did he take any steps to protect his interests.

On July 16, 1942, a hearing was had before a United States Commissioner based on the charge against the petitioner, hereinbefore referred to. The Commissioner in an opinion rendered by him on July 16, 1942, dismissed the complaint, finding not the slightest indication of any intent to defraud the government.

Thereafter, on July 20, 1942, the petitioner filed a petition, later amended, for the allowance of an order to show cause why the seized automobile should not be returned and the forfeiture cancelled, or in the alternative as provided in the amendment to the petition, why the petitioner should not be permitted to file his claim and costs bond nunc pro tunc.

The sole question raised by the petition is whether there has been an abuse of power on the part of the Internal Revenue agents and such complete disregard of the petitioner's rights that recourse for redress may be had only in proceedings of this nature. In the language of the petitioner's memorandum the alleged injury to the petitioner's rights was caused by the "Department of Internal Revenue's unorthodox method of proceeding."

26 U.S.C.A. Int.Rev.Code, § 3724, provides for a very definite and certain method of procedure in the matter of seizure and forfeiture of conveyances used in the removal, depositing or concealment of goods or commodities with intent to defraud the United States of a tax, or part thereof, which is or shall be imposed thereon. Such procedure includes in the event of appraisal of the seized article at $500 or less, notice of the seizure by publication for three weeks in some newspaper of the district wherein the seizure was made, stating the time, place and cause of the seizure, and requiring any person claiming the seized article to appear and make such a claim within 30 days of the first publication of said notice. There is no allegation in the petition that publication was not made in conformity with the provisions of the Code, nor is there any assertion that there was failure to comply with the requirements of the statute in other regards. The plea for relief is based, in ultimate analysis, on the failure of the petitioner to receive personal notice of the intended forfeiture. But there is no requirement of personal notice to be found in the successive steps outlined in the forfeiture proceedings as set forth in the section and title of the Code above referred to. The petitioner was aware of the seizure of his vehicle and of the cause for that seizure. He is presumed to have knowledge of what subsequently, in accordance with normal functioning of the law, would ensue.

The Statute further provides for a method of relief in the event of forfeiture where, etc., by application to the Secretary of the Treasury for remission of the forfeiture. It would appear that the petitioner does not choose to avail himself of that course, and has in effect applied to this Court to amend the Statute and provide an alternate relief because of the inequity of the method outlined in the Code, basing his request on the fact that the complaint which charged him with violation of the Code as hereinbefore set forth, was dismissed by the U. S. Commissioner before whom it was heard, at best an inconclusive determination of the matter. This in nowise affects the proceeding in rem which involves the car used in the commission of the alleged offense.

Under all of the circumstances, therefore, the Court fails to see any merit

in the contention of the petitioner, with its implication that there was an abuse of discretion on the part of the Internal Revenue Department in the course of the forfeiture of the petitioner's car. The Statute would seem to have been scrupulously complied with and the rights of the petitioner have not been disregarded in any particular. It might be easier if Congress had provided for personal notice, but it has not seen fit so to do.

The petition will be dismissed.